IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NUMBER 6:16-CR-00002-JDK |
| v. § | |
| § | |
| § | |
| EDWIN MEJIA § | |
| § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On December 19, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Edwin Mejia. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on total offense level of 27 and criminal history category of I, was 70 to 87 months. On May 23, 2017, U.S. District Judge Thad Hartfield of the Eastern District of Texas sentenced Defendant to 84 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and a $100 special assessment fee. On January 21, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited from committing another federal, state, or local crime. In its petition, the government alleges that Defendant violated his conditions of supervised release on December 15, 2022, when he committed the offense of Aggravated Assault with a Deadly Weapon, a second-degree felony.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release by committing the offense of Aggravated Assault with a Deadly Weapon, Defendant will have committed a Grade A violation. *See* U.S.S.G. § 7B1.1(a). Upon finding of a Grade A violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade A violation is 12 to 18 months. *See* U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade A violation of the conditions of supervision referenced above by committing the offense of Aggravated Assault with a Deadly Weapon as alleged in the government's petition. In exchange, the government recommended to the court a term of imprisonment of 12 months and 1 day, to be served consecutively to the sentence imposed by the 241st District Court, Smith County, Texas, in cause number 241041023, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Edwin Mejia's plea of true be accepted and he be sentenced to a term of imprisonment of 12 months and 1 day, to be served consecutively to the sentence imposed by the 241st District Court, Smith County, Texas, in cause number 241041023, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, TX, or FCI Texarkana, TX, if available. The

parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 19th day of December, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE